UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| EAGLE TECHNOLOGY, INC., et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:11CV1763 HEA |
| | ) | |
| EXPANDER AMERICAS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

### Introduction

This matter is before the Court on Defendant Expander System Global, AB's, (Global), Motion to Dismiss for Lack of Personal Jurisdiction, [Doc. No. 21]. Plaintiff Willem Bakker opposes the Motion, and the parties have filed their respective memoranda. For the reasons set forth below, the Motion is granted.

### Facts and Background

Because this case is before the Court on a motion to dismiss, and no jurisdictional discovery has been authorized or conducted, the factual background is necessarily drawn—at least in the first instance—from the factual allegations in Plaintiff's Amended Complaint[1] in which Plaintiff Bakker's *quantum meruit* claim

---

[1] Defendant seeks dismissal of the Amended Complaint because Plaintiff Bakker did not seek leave of court to file same. Because the Court concludes it lacks personal jurisdiction over

is first raised.  In ruling on a motion to dismiss for lack of personal jurisdiction, pursuant to Rule 12(b)(2), however, the Court may also consider affidavits and exhibits presented with the motion and in opposition to it.  See *Dairy Farmers of Am., Inc. v. Bassett & Walker Int'l, Inc.*, 702 F.3d 472, 474–75 (8th Cir.2012). Where appropriate or necessary, the Court has amplified the facts alleged in the Claim with facts from such additional sources.  For present purposes, the focus is on facts relevant to the Court's personal jurisdiction over Defendant Expander Global, rather than all facts giving rise to the parties' dispute.

Plaintiff is a Missouri resident and "owner and CEO" of Plaintiff Eagle Technology.  Defendant Global is a registered Swedish company.  It is the parent company of another Swedish company, Expander Sweden; Expander Sweden is the parent company of Defendant Expander America.  Expander Americas is in charge of any United States operations.

The gravamen of Plaintiff's Complaint is that Bakker seeks compensation for services allegedly performed from September 2010 through May, 2011 as Global's Chief Information Officer and Chief Financial Officer "at the specific request of Expander Global."  These services were allegedly performed primarily

---

Global, the Court will not address Global's motion with regard to the filing of the Amended Complaint.

in Missouri, where Bakker lives.

## Discussion

Defendant seeks dismissal of the Complaint on the ground that this Court lacks personal jurisdiction over it. Plaintiff disputes this position.

Defendants note that it lacks sufficient "minimum contacts" with Missouri to support "general" jurisdiction, and Plaintiff does not present any serious argument otherwise. Defendants do, however, argue that it is not subject to the Court's jurisdiction under the Missouri Long Arm Statute, R.S.Mo § 506.500.1(1-6) and it lacks sufficient "minimum contacts," from which Plaintiff's claim arises, for the exercise of "specific" jurisdiction to be proper, a contention that Plaintiff does dispute. "'Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state...'" *Dairy Farmers of Am., Inc. v. Bassett & Walker Int'l, Inc.*, 702 F.3d 472, 474–75 (8th Cir. 2012)(quoting *Miller v. Nippon Carbon Co., Ltd*, 528 F.3d 1087, 1091 (8th Cir. 2008). Specific personal jurisdiction can only be exercised by a federal court sitting in diversity case if authorized by the forum's long-arm statute and permitted by the Due Process Clause of the Fourteenth Amendment. *Id.*

Specifically, Defendant argues that it has not engaged in any business transaction in Missouri. Additionally, Defendants argue that the facts make clear

that it in no way "purposefully availed" themselves of the benefits of doing business in Missouri, such that it could expect to be haled into court here, that forcing it to litigate in Missouri would offend traditional notions of fair play and substantial justice, and that the exercise of personal jurisdiction would, consequently, violate due process.

In contrast, Plaintiff contends that consideration of the pertinent factors demonstrates that exercising specific personal jurisdiction over Defendant would comport with due process. Plaintiff argues that the nature and quality of claims against Defendants gives rise to exercising jurisdiction because Defendant has, through Plaintiff's alleged services, conducted business within the State of Missouri.

As the Eighth Circuit Court of Appeals recently explained, "Personal jurisdiction over a defendant represents the power of a court to enter 'a valid judgment imposing a personal obligation or duty in favor of the plaintiff.'" *Viasystems, Inc. v. EBM–Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 592–93 (8th Cir.2011) (quoting *Kulko v. Superior Court of Cal.*, 436 U.S. 84, 91, (1978)). Rule 12(b)(2) of the Federal Rules of Civil Procedure authorizes a pre-answer motion to dismiss for "lack of personal jurisdiction." Fed.R.Civ.P. 12(b)(2).

"To allege personal jurisdiction, 'a plaintiff must state sufficient facts in the complaint to support a reasonable inference that the defendants can be subjected to jurisdiction within the state.'" *Wells Dairy, Inc. v. Food Movers Int'l, Inc.*, 607 F.3d 515, 518 (8th Cir.) (quoting *Dever v. Hentzen Coatings, Inc*., 380 F.3d 1070, 1072 (8th Cir.2004)), cert. denied, ––– U.S. ––––, 131 S.Ct. 472 (2010). "If the defendant controverts or denies jurisdiction, the plaintiff bears the burden of proving facts supporting personal jurisdiction." *Id*. Its "showing must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and in opposition thereto." *Id*. (internal quotation marks omitted). *Dairy Farmers*, 702 F.3d at 474–75 (8th Cir.2012); *Pangaea, Inc. v. Flying Burrito, L.L.C.*, 647 F.3d 741, 744–45 (8th Cir.2011) ("Where, as here, 'the district court does not hold a hearing and instead relies on pleadings and affidavits, ... the court must look at the facts in the light most favorable to the nonmoving party, and resolve all factual conflicts in favor of that party.' " (quoting *Dakota Indus., Inc. v. Dakota Sportswear, Inc*., 946 F.2d 1384, 1387 (8th Cir.1991), with internal citations omitted).

Although the Court may consider affidavits and other matters outside of the pleadings on a Rule 12(b)(2) motion, the pleader's burden, in the absence of an evidentiary hearing, is only to make a "minimal" *prima facie* showing of personal

jurisdiction, and the Court "must view the evidence in the light most favorable to the [pleader] and resolve all factual conflicts in its favor in deciding whether the [pleader] has made the requisite showing." K–V Pharm. Co. v. Uriach & CIA, S.A., 648 F.3d 588, 581–82 (8th Cir.2011). Notwithstanding that facts are viewed in the light most favorable to the pleader, "'[t]he party seeking to establish the court's *in personam* jurisdiction carries the burden of proof, and the burden does not shift to the party challenging jurisdiction." *Viasystems, Inc.*, 646 F.3d at 592 (quoting *Epps v. Stewart Info. Servs. Corp.*, 327 F.3d 642, 647 (8th Cir.2003)). The Eighth Circuit Court of Appeals reviews de novo orders granting dismissals pursuant to Rule 12(b)(2). *Johnson v. Arden*, 614 F.3d 785, 793 (8th Cir.2010).

The exercise of personal jurisdiction is also only permissible when it comports with due process. See, e.g., *K–V Pharm. Co.*, 646 F.3d at 592.FN3 "Due process requires that a defendant have certain 'minimum contacts' with the forum state for personal jurisdiction to be exercised." *Myers v. Casino Queen, Inc.*, 689 F.3d 904, 911 (8th Cir.2012) (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). More specifically,

> Contacts with the forum state must be sufficient that requiring a party to defend an action would not "offend traditional notions of fair play and substantial justice." [*International Shoe Co.*, 326 U.S.] at 316, 66 S.Ct. 154, 90 L.Ed. 95 (internal quotation marks and citation omitted). "The 'substantial connection' between the defendant and

> the forum State necessary for a finding of minimum contacts must
> come about by an action of the defendant purposefully directed
> toward the forum State." *Asahi Metal Indus. Co. v. Super. Ct. of Cal.*,
> 480 U.S. 102, 112, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987) (internal
> citations omitted).
>
> We developed a five-factor test to evaluate whether a
> defendant's actions are sufficient to support personal jurisdiction: (1)
> the nature and quality of the contacts with the forum state; (2) the
> quantity of those contacts; (3) the relationship of those contacts with
> the cause of action; (4) [the state's] interest in providing a forum for
> its residents; and (5) the convenience or inconvenience to the parties.
> See, e.g., *Precision Const. Co. v. J.A. Slattery Co., Inc.*, 765 F.2d 114,
> 118 (8th Cir.1985) (noting that the first three factors are of primary
> importance and the last two of secondary importance).

*Myers*, 689 F.3d at 911.

In the five-factor test, "[t]he third factor distinguishes between specific and general [personal] jurisdiction." *Myers*, 689 F.3d at 911. This is so, because "[s]pecific personal jurisdiction, unlike general jurisdiction, requires a relationship between the forum, the cause of action, and the defendant." *Id*. at 912.

The Eighth Circuit Court of Appeals has clarified that it does not adhere to a "proximate cause standard" for the required connection between the defendant's contacts with the forum and the plaintiff's cause of action. See *id*.

> Rather, [the Eighth Circuit has] said specific jurisdiction is
> warranted when the defendant purposely directs its activities at the
> forum state and the litigation "result [s] from injuries ... relating to
> [the defendant's] activities [in the forum state.]" *Steinbuch v. Cutler*,

518 F.3d 580, 586 (8th Cir.2008). [The Eighth Circuit has] also emphasized the need to consider "the totality of the circumstances in deciding whether personal jurisdiction exists[,]" *K–V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 592–93 (8th Cir.2011) (citing *Johnson*, 614 F.3d at 794). This stance is consistent with other circuits which have focused on the need to adopt a flexible approach when construing the "relate to" aspect of the Supreme Court's standard. See *Nowak [v. Tak How Invs., Ltd.*, 94 F.3d 708,] 716 [ (1st Cir.1996) ] ("By this approach, we intend to emphasize the importance of proximate causation, but to allow a slight loosening of that standard when circumstances dictate. We think such flexibility is necessary in the jurisdictional inquiry: relatedness cannot merely be reduced to one tort concept for all circumstances.").

*Myers*, 689 F.3d at 913.

The primary basis on which Plaintiff asserts that specific personal jurisdiction over Defendant is appropriate are his own actions on behalf of Defendant Global.

Missouri's Long-Arm Statute provides that Missouri courts will have personal jurisdiction over a defendant in any cause of action arising rom the following acts: (1) the transaction of any business within the state; (2) the making of any contract within the states; (3) the commission of a tortious act within the state; (5) the contracting to insure any person, property or risk located within the state at the time of contracting; (6) engaging in an act of sexual intercourse within this state with the mother of a child on or near the probable period of conception of that child.  R.S.Mo. § 506.500.1 (1-6).  Plaintiff argues that Global has

transacted business within the state through its relationship with Plaintiff based on the alleged services Plaintiff render on behalf of and at the behest of Global.

Bakker also claims that he received email from the Expander companies and that Global's corporate representatives came to Missouri on business. Bakker, however, fails to recognize the significant roles and capacities of these individuals. Bakker completely ignores the fact that Expander Global is merely the parent of Sweden, which is the parent of Americas. Bakker simply lumps all of the Expanders together as if the actions of one are the actions of the others. Without evidence to establish that the entities are acting as one and are not wholly independent, the Court may not assume the corporate structure is a sham.

Global, however, argues that it has never transacted business within Missouri and the Amended Complaint fails to so allege. Moreover, Global is not licensed to conduct business within Missouri or anywhere else in the United States. It does not advertise or solicit business within Missouri and does not send agents, representatives or employees to Missouri to conduct business on its behalf. The Amended Complaint does not allege any contract with Global. Global is the parent of a company (Expander Sweden) that is the parent of the Company with which Bakker did have a relationship, that being Expander Americas, Inc. Although Plaintiff contends he was the "CFO/CIO for Expander Global, the

affidavits presented to the Court fail to establish that Bakker had any relationship with Global, other than convincing Global to give him the title of CFO/CIO. Bakker calculatingly urges that he performed a variety of duties for the Expander company, but woefully fails to present any concrete basis for this Court to exercise personal jurisdiction over Global pursuant to Missouri's long-arm statute.

With respect to due process analysis, "[c]ontact by phone or mail is insufficient to justify exercise of personal jurisdiction under the due process clause." *Porter v. Berall,* 293 F.3d 1073, 1076 (8th Cir.2002); *see also Digi–Tel,* 89 F.3d at 523 ("Although letters and faxes may be used to support the exercise of personal jurisdiction, they do not themselves establish jurisdiction."); *Toro Co. v. Advanced Sensor Tech.,* No. 08–248 (DSD/SRN), 2008 WL 2564336, at *3 (D.Minn. June 25, 2008) (finding that even "relatively large" amounts of electronic communication, without more, does not establish jurisdiction).

As stated above, Global had no contacts with the State of Missouri. It was not licenced to do business in the state; it did not advertise within the state; it did not send employees to the state; no money was received or sent to the state; it quite frankly had no presence within the State of Missouri.

Because Plaintiff cannot establish that Defendants had any qualifying contacts with the State of Missouri, the Court need not proceed with remaining

factors of the five part inquiry.

Due process requires that "[c]ontacts with the forum state must be sufficient that requiring a party to defend an action would not 'offend traditional notions of fair play and substantial justice,'" *Myers*, 689 F.3d at 911 (quoting *International Shoe Co.*, 326 U.S. at 316), and the court's consideration of "'the totality of the circumstances in deciding whether personal jurisdiction exists,'" *Id*. at 913 (quoting *K–V Pharm. Co.*, 648 F.3d at 592–93). Where, as here, even viewing the totality of the facts in the light most favorable to Plaintiff, Plaintiff has failed to meet his "minimal" burden of proof to show that the balance of the factors weighs in favor of the exercise of personal jurisdiction over Defendant in this forum. Defendant's lack of direct contacts with this forum demonstrates that exercising personal jurisdiction over it in this forum would "offend traditional notions of fair play and substantial justice." *Myers*, 689 F.3d at 911 (internal quotation marks and citations omitted).

Consideration of the relevant factors leads to the conclusion that, on this record, dismissal for lack of personal jurisdiction over Defendant Global is appropriate.

## Conclusion

Plaintiff has failed to meet his "minimal" burden of proof to show any

contacts with the State of Missouri to establish long-arm jurisdiction or to demonstrate that the factors weigh in favor of the exercise of personal jurisdiction over Defendant in this forum.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, [Doc. No. 21], is granted.

**IT IS FURTHER ORDERED** that Count 3 is dismissed.

Dated this 12th day of August, 2013.

_____
  HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE