UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EAGLE TECHNOLOGY, INC., et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )    Case No. 4:11CV1763 HEA |
| | ) |
| EXPANDER AMERICAS, INC., et al., | ) |
| | ) |
|     Defendants, | ) |

## **AMENDED OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion for Partial Summary Judgment on Count 1 and Count 2 of Plaintiffs' Amended Complaint, [Doc. No. 36], Plaintiffs oppose the motion. For the reasons set forth below, the Motion is granted.

### Facts and Background

On February 18, 2010, Defendant Expander Americas and Plaintiff Eagle Technology entered into an Independent Contractor Agreement (the "Agreement"), with the term "Company" referring to Expander Americas and the term "Contractor" referring to Eagle. Paragraph 4.A of the Agreement provides in relevant part that the "The Term of this Agreement shall begin this 1st day of January, 2010, and shall continue for a period of one year; thereafter, this

Agreement shall be automatically renewed for successive periods of one (1) year each, unless terminated as provided herein." Paragraph 4.B of the Agreement provides in relevant part that "Either party may terminate this Agreement at any time by mutual agreement of the parties hereto or providing the other party with ninety (90) days prior written notice . . . ". Paragraph 4.E of the Agreement provides in relevant part that "Company does not guarantee Contractor any amount of hours or level of income under this Agreement, except as provided in paragraph 5(B) below, the termination of this Agreement by Company shall not require Company to pay any sums other than those earned by Contractor for services previously rendered plus approved expenses but not yet paid." Paragraph 5.A of the Agreement provides in relevant part that "The Contractor's fee will be paid by the Company for work performed under this Agreement, as described in "Exhibit A", attached hereto." Paragraph 5.B of the Agreement provides in relevant part that "The Contractor's fee will be paid by the Company for work performed under this Agreement after Termination for other than Good Cause, if said fee is related to payments received after termination for the period of time as described in Exhibit A, attached hereto." Paragraph 13 of the Agreement provides in relevant part that "The construction and interpretation of this Agreement shall at all times and in all respects be governed by the laws of the

State of Arizona." Paragraph 15 of the Agreement provides in relevant part that "No amendment or modification of this Agreement shall be effective unless executed in writing by the parties hereto." Paragraph 15 of the Agreement further provides in relevant part that "This Agreement constitutes the entire agreement of the parties and is intended as a complete agreement of the promises, representations, negotiations, discussion, and agreements that may have been made in connection with the subject matter hereof, and supersedes any prior oral or written agreement." Page 6 of the Agreement has the header "Exhibit A", and includes provisions for payment.

Under "Exhibit A" of the Agreement, Expander Americas agreed to pay Eagle a monthly fee of $4,583.

Eagle admits that Expander Americas may unilaterally terminate the Agreement with 90 days notice, and Expander Americas would only be responsible to pay Eagle for three more months of the base retainer pay under "Exhibit A", plus any earned commission amounts under "Exhibit A."

Eagle admits that it is not alleging any damages based on "Exhibit A", that it does not have a claim for commissions under "Exhibit A", and that Eagle is not entitled to any damages if "Exhibit A" is the operative document.

On May 10, 2010, Eagle Technology, through its President, Willem Bakker,

emailed a proposed modification to the Agreement to Expander America's then President Ron Randen.  The May 10, 2010 email provides in relevant part that "Also attached two **drafts**. Resume and Exhibit B of our servcie [sic] agreement to continue the dialog on me joining Expander fulltime." (underline and bold in original).  In response, Mr. Randen sent an email which provided: "Can you focus more on CFO and CIO functions and activities in the "Professional Experience"?  All is good but this focus will help with the board for global responsibilities."

A copy of a certain document labeled "Exhibit B" (hereinafter "Exhibit B") was attached to the Amended Complaint as Exhibit 2 thereto.   "Exhibit B" purports to provide for a base retainer of $7,500.00 per month payable to Eagle. Eagle alleges that "Exhibit B" replaces "Exhibit A", and that "Exhibit B" represents an addendum to the Agreement.  "Exhibit B" purports to replace "Exhibit A", and purports to provide that it is "effective 6/1/2010" and that it is an "Addendum to agreement signed 2/18/2010".  "Exhibit B" provides that "The term of this agreement is 24 months (5/31/2012)."  "Exhibit B" was never executed "in writing" by Expander Americas or Eagle.

## Discussion

## Summary Judgment Standard

The standards for summary judgment are well settled. In determining whether summary judgment should issue, the Court must view the facts and inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005). The moving party has the burden to establish both the absence of a genuine dispute of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Enter. Bank*, 92 F.3d at 747. Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); *Anderson* 477 U.S. at 256; *Krenik v. Le Sueur* 47 F.3d 953, 957 (8th Cir. 1995). "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)." *Hitt v. Harsco Corp.,* 356 F.3d 920, 923 (8th Cir. 2004). An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party" on the question. *Anderson,* 477 U.S. at 248; *Woods v. DaimlerChrysler Corp.,* 409 F.3d at 990. To survive a motion for

summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.' *Wilson v. Int'l Bus. Maces. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)(quotation omitted)." *Putman v. Unity Health System*, 348 F.3d 732, 733-34 (8th Cir. 2003). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. The Court will review the facts in this case with the stated standards in mind.

Plaintiffs' brought this action for breach of contract against Defendant Expander Americas based on an alleged contract, as amended by an email "Modification" (count 1) and promissory estoppel against Defendant Expander Americas based on an alleged promise to pay Plaintiff Eagle Technology monthly fee from June 2010 through May 2012, and an incentive fee based Expander Americas' sales in 2011 (count 2) and a quantum meruit claim against Defendant Expander Global for alleged services rendered by Willem Bakker (count 3). On August 8, 2013, the Court dismissed Count 3 for lack of personal jurisdiction over Defendant Expander Global. Thus, Counts 1 and 2 are all that remain of Plaintiffs' Amended Complaint

Defendants are entitled to partial summary judgment on Counts 1 and 2

because the claims for breach of contract and promissory estoppel are barred by the Arizona Statute of Frauds.

Expander Americas is a United States subsidiary of a company (Expander System Sweden, AB) that manufactures an industrial pin system for heavy equipment. On February 18, 2010, Expander and Eagle Technology, Inc. ("Eagle") entered into an Independent Contractor Agreement (the "Agreement") providing for the "services rendered by Willem F. Bakker (principal of Eagle Technology, Inc.)". Page 6 of the Agreement has the header "Exhibit A", and included provisions for payment.

On June 24, 2011, Expander Americas sent Eagle a notice of termination of the Agreement. Eagle then brought the instant lawsuit. In the Amended Complaint, Eagle alleges that in or about May of 2010, Expander Americas and Eagle entered into a modification of the Agreement—"Exhibit B"—which purported to replace "Exhibit A" and provided for a term of 24 months. Eagle admits that it is not alleging any damages based on "Exhibit A", that it does not have a claim for commissions under "Exhibit A", and that Eagle is not entitled to any damages if "Exhibit A" is the operative document. Eagle admits that "Exhibit B" was never executed by the parties, despite the Agreement's requirement for any modification to be executed in writing.

In a federal diversity case, courts apply federal law to matters of procedure, and state law to substantive matters. *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996). Courts sitting in diversity apply the choice-of-law rules of the forum state. *Prudential Ins. Co. of Am. v. Kamrath*, 475 F.3d 920, 924 (8th Cir. 2007). Under Missouri law, a contractual choice-of-law clause is enforceable unless application of the agreed-to law is "contrary to a fundamental policy of Missouri." *Chicle v. Chase Bank USA*, 583 F.3d 549 (8th Cir. 2009). In this case, the Agreement provides for the application of Arizona law.

To prevail on a breach of contract claim, Eagle must establish that an enforceable contract existed between it and Expander Americas, that Expander Americas breached the contract, and that Eagle suffered damages as a result. *Charlo, Inc. v. Bernini*, 83 P.3d 1103, 1111 (Ariz. Ct. App. 2004).

Expander Americas raised the statute of frauds as an affirmative defense to the Amended Complaint. The Arizona Statute of Frauds provides in relevant part:

> No action shall be brought in any court in the following cases unless the promise or agreement upon which the action is brought, or some memorandum thereof, is in writing and signed by the party to be charged, or by some person by him thereunto lawfully authorized:
>
>   \* \* \* \* \* \* \* \* \* \*
>
> 5. Upon an agreement which is not to be performed within one year from the making thereof.

A.R.S. § 44-1-1(5). By requiring a writing for certain important types of contracts, the statute ensures that some enduring evidence of an agreement exists. See *Best v. Edwards*, 176 P.3d 695, 700 (Ariz. Ct. App. 2008)

The question before the Court is whether "Exhibit B" falls under provisions of the statute of frauds. The original Agreement had a one-year term. Eagle claims that "Exhibit B" is a modification of the Agreement and therefore replaces "Exhibit A". The salient provision of "Exhibit B" provides that "The term of this agreement is 24 months." "Exhibit B" specifically states that a definite 24-month term, and thus it could not be performed within one year. As such, it is covered by the statute of frauds. See *Thurston v. Citizens Utility Co.*, No. 95-15583, 1996 WL 387649, at *1 (9th Cir. July 10, 1996) (analyzing the Arizona statute of frauds and holding that "In his action for breach of contract, Thurston claimed that Citizens breached a two-year employment contract, and that, as a result, he was damaged in the amount of $200,000. This claim fails under the statute of frauds.").

Accordingly, the inquiry becomes whether "Exhibit B" satisfies the writing requirements of the statute.

Under the statute of frauds, the document must be "signed by the person to be charged by any of the known modes of impressing a name on paper, namely, by writing, printing lithographing, or other such mode, provided the same is done

with the intention of signing." *Haywood Securities*, *Inc. v. Ehrlich*, 149 P.3d 738, 740 (Ariz. 2007) (citing *Bishop v. Norell*, 353 P.2d 1022, 1025 (Ariz. 1960)).

Eagle argues that the responsive email sent by then President Ron Raden satisfies the signature requirement. Upon examination, however, the email does not set out the terms of a modification of the original agreement, "Exhibit A," rather, the email clearly denotes that the parties have failed to reach agreement. Raden specifically details further "focus" was needed before the parties ever reached a meeting of the minds for a contract to be formed. The essential elements of a valid, binding written contract have failed to be satisfied. Therefore, "Exhibit B" fails to satisfy the statute of frauds, and is thus unenforceable as a matter of law. Eagle admits that it is not alleging any damages based on "Exhibit A", that it does not have a claim for commissions under "Exhibit A", and that Eagle is not entitled to any damages if "Exhibit A" is the operative document. Accordingly, Expander Americas is entitled to judgment as a matter of law against Eagle as to Count 1 of the Amended Complaint.

Eagle attempts to avoid this effect through the "judicial admission exception." Eagle argues that the "former" President admitted in his deposition that the parties' contract was amended, and therefore, by this admission, Expander Americas cannot avoid the effect of this admission. The flaw in this argument is

that at the time the deposition of Raden was taken, he was no longer the President of Expander Americas, and therefore, his testimony, even if it would serve as an admission, is not a binding admission on Expander Americas.

"A judicial admission is 'an express waiver made in court or prepatory to trial by the party or his attorney conceding for the purposes of the trial the truth of some alleged fact…" *Clark Equip. Co. v. Ariz. Prop. and Cas. Ins. Guaranty Fund,* 943 P.2d 793, 7994 (Ariz. Ct. App. 1997) (citing IX John H. Wigmore, Evidence § 2588 (1981)). Regarding the statute of frauds, "[t]he judicial admission exception is a 'common sense recognition that if the defendant admitted in a pleading that he had made a contract with the plaintiff, the purpose of the statute of frauds…[is] fulfilled." *Owens v. M.E. Schepp Ltd. Partnership5*, 182 P.3d 664, 671(Ariz. 2008) (quoting *DF Activities Corp. v. Brown*, 851 F.2d 920, 923 (7th Cir. 1988).

In order for a judicial admission to take the contract outside the statute of frauds, the admission <u>must be made by the party or its attorney</u>. See *Clark Equip Co.*, 943 P.2d at 799; *Owens*, 182 P.3d at 671. Randen is not a party to this case. As Plaintiffs admit, and as Mr. Randen testified in his deposition, he is the **former** president of Expander Americas. Randen was hired as Expander Americas' plant manager in 2009, he became President and was fired in July 2011. Plaintiffs'

lawsuit was filed in October of 2011, several months after Randen was fired. Randen's deposition testimony therefore cannot be considered an admission of Expander Americas because he was no longer an employee when he made the alleged admissions. *Gibraltar Escrow Co. v. Thomas J. Grosso Investment, Inc.*, 421 P.2d 923, 927 (Ariz. Ct. App. 1996)(holding that deposition testimony of a former employee could not be considered an admission of his employer for the purposes of summary judgment proceedings).

Notwithstanding that Randen was not an employee of Expander Americas at the time of his deposition, the deposition testimony does not establish that any statements made actually constitute the "unequivocal" admission that the parties modified the agreement. At no point did Randen agree to change the agreement to accept all of the new terms from "Exhibit B". There is no judicial admission, and Plaintiffs' claims are barred by the statute of frauds. See *Trollope v. Koerner*, 470 P.2d 91, 98 (Ariz. 1970) (finding that the defendants did not ever admit the existence of a completely settled contract, and thus there was no judicial admission that would render the statute of frauds ineffective).

Moreover, the May 11, 2010 email response to Plaintiff Bakker's email Randen's email does not simply say "All is good..." Rather, Raden's responsive email includes further necessary negotiations between the parties regarding the

"focus" Raden sought. There is clearly no unequivocal assent of the necessary terms of the agreement to avoid the statute of frauds.

Likewise, Plaintiffs' promissory estoppel claim is barred by the statute. Under Arizona law, promissory estoppel involves a promise which induces the promisee to rely to his detriment and which the promisor should reasonably have foreseen would cause the promisee to so rely. *Arnold & Assocs., Inc. v. Misys Healthcare Sys.,* 275 F.Supp.2d 1013, 1023 (D.Ariz.2003) (citing *Tiffany Inc. v. W.M.K. Transit Mix, Inc.*, 16 Ariz.App. 415, 419, 493 P.2d 1220, 1224 (Ct.App.1972)). However, Arizona's Statute of Frauds provides that:

> No action shall be brought in any court ... unless the promise or agreement upon which the action is brought, or some memorandum thereof, is in writing and signed by the party to be charged, or by some person by him thereunto lawfully authorized ... [u]pon an agreement which is not to be performed within one year from the making thereof.

A.R.S. § 44–105(4) (2003). Thus, a promissory estoppel claim involving a promise that cannot be performed within one year must be in writing to be enforceable. *X-Cel Sales, LLC v. A.O. Smith Corp.,* 2012 WL 5269302 (D.Ariz. 2012).

## Conclusion

For the reasons outlined above, summary judgment in favor of Defendant

Expander Americas is appropriate on Counts 1 and 2 of Plaintiffs' Amended Complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Partial Summary Judgment, [Doc. No. 36], is granted.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 14th day of February, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE